UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LLOYD PLUMBAR, ET AL.**                                                               **CIVIL ACTION**

**VERSUS**

**SCOTT PERRILLOUX, ET AL.**                                              **NO.: 20-00361-BAJ-RLB**

RULING AND ORDER

Before the Court is **Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4)**. The Motion is opposed. *See* (Doc. 10). For the reasons stated herein, the Motion is **DENIED**.

I.    FACTUAL BACKGROUND

On February 29, 2020, Plaintiff Lloyd Plumbar was charged with violations of La. Stat. Ann. § 14:102.23, a statute prohibiting cockfighting. (Doc. 10–7, at p. 2). On June 12, 2020, Plaintiffs Lloyd Plumbar and Holy Fight Ministries filed a Complaint (Doc. 1) and the instant Motion. Members of Holy Fight Ministries, led by Reverend Plumbar, "hold the sincere religious belief that cockfighting…is an integral and essential part of their religious faith." (Doc. 1, at ¶¶ 10, 13). Plaintiffs argue that the statute, pursuant to which Plaintiff was arrested, burdens specific religious exercises of their faith by subjecting their congregation to the threat of arrest and continued criminal prosecution. (Doc. 4–1, at p. 5).

The Court held a preliminary conference on June 18, 2020, to address scheduling and service. *See* (Doc. 8). A hearing was held thereafter, wherein the Court

heard oral arguments from all parties. During the hearing, Plaintiffs indicated that they would dismiss Defendant Jeff Landry from the lawsuit, and subsequently filed a Motion to Dismiss (Doc. 12) him from this proceeding. Scott Perrilloux, the District Attorney for the 21st Judicial District, and Jason Ard, Sheriff of Livingston Parish, remain defendants.

## II.    LEGAL STANDARD

To obtain injunctive relief by way of a Temporary Restraining Order, Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) that the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).

## III.    DISCUSSION

At issue here is the section of the Louisiana Criminal Code that makes it unlawful for any person to:

> "organize or conduct any commercial or private cockfight wherein there is a display of combat or fighting among one or more domestic or feral chickens and in which it is intended or reasonably foreseeable that the chickens would be injured, maimed, mutilated, or killed."

LA. STAT. ANN. § 14:102.23. Invoking the Federal and Louisiana Constitutions alike, Plaintiffs argue that this restriction infringes upon their free exercise of religion and violates the Establishment Clause of the U.S. Constitution. Plaintiffs seek to enjoin

2

enforcement of § 102.23 and "any other state, parish, or city ordinance against Lloyd Plumbar and/or Holy Fight Ministries and its congregation." (Doc. 4–1, at p. 6).

Plaintiffs also argue that the burden imposed on their religious practice of cockfighting is at odds with the Louisiana Preservation of Religious Freedom Act ("LPRFA").[1] They adequately summarize the core of their argument in the following syllogism: "[i]f the use of peyote, a Schedule I drugs [*sic*], is permitted…then it stands to reason that an exception should be carved out…for the Plaintiffs and their congregation [to engage in cockfighting] to practice their faith." (Doc. 4–1, at p. 6).

In opposition, Defendants bring a multitude of arguments. First, Defendants argue that the Court must abstain from interfering with the ongoing criminal proceedings.[2] Plaintiffs request that the Court prevent Defendants from initiating or continuing criminal prosecutions against Plaintiffs for holding a cockfighting ceremony as part of their religious services. (Doc. 4, at p. 2). Invoking the abstention doctrine originating in *Younger v. Harris*, 401 U.S. 37, (1971), Defendants argue that the Court should refrain from enjoining the ongoing criminal proceedings against Plaintiff Plumbar. Abstention is appropriate, Defendants argue, because the state has an important interest in regulating the subject matter of the claim and Plaintiff

---

[1] Plaintiffs discuss the LPRFA in their Motion, but do not state a claim under this provision in the Complaint.

[2] Defendants also asserted that sovereign immunity barred Plaintiffs' claims against Defendant Landry and possibly Defendant Ard. When this argument was raised during oral arguments, Plaintiffs agreed to dismiss Defendant Landry.

will have an adequate opportunity to raise his constitutional challenges during those state proceedings. (Doc. 10, at p. 12–14).

Defendants also argue that under the federal standard applicable to First Amendment claims, the statute in question is a law of general applicability that was not enacted to target cockfighting as a religious practice. (Doc. 10, at p. 15). The cockfighting ban, Defendants argue, "directly attacks the wanton torture and killing of animals." (*Id.*, at p. 19).

Perhaps even more telling is the evidence put forth by Defendants. Several photographs taken during a police raid were offered by Defendants. The photos depicted a cockfighting arena littered with discarded food and alcohol containers; a handwritten betting ledger; "cockhouse" fees and membership rules; rooster corpses; and other indicators of a commercial cockfighting operation.[3] Signs were discovered in the area, including one reading "Milk Dairy Game Club House Rules," and another smaller sign reading "Holy Fight Ministries"—apparently the only indicator of any religious object in the facility. (*Id.*, at p. 5–6). At oral argument, Plaintiffs argued that while they lease the premises from the Game Club, they are not a commercial operation and were not present the night of the raid when the incriminating evidence was seized.

The Court is not persuaded that Plaintiffs can prevail on the elements necessary to issue an injunction. They are unlikely to succeed on the merits of their

---

[3] *See* (Docs. 10–13, 10–17, 10–18, 10–20, 10–21).

4

claims because Defendants have provided satisfactory evidence to show that the state has a compelling interest in enacting a law banning cockfighting and because the evidence casts doubt upon the type of institution operated by Plaintiffs. In other words, the evidence suggests that the cockfighting activities were more commercial in nature than a bona fide religious ritual. The public interest and balance of harms likewise weigh in favor of Defendants. Unrestricted freedom to exercise one component of Plaintiffs' religious practice is outweighed by the public's interest, as reflected in duly passed legislation that aims to combat animal cruelty. Lastly, Plaintiffs have not demonstrated any immediate threat of irreparable harm—this lawsuit was not filed until more than three months after Plaintiff Plumbar's arrest.

## IV.  CONCLUSION

At this stage, the weight of evidence brought by Defendants cannot be ignored, particularly as Plaintiffs, who bear the burden of proof, have provided virtually none. Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits of their claims.

Accordingly,

**IT IS ORDERED** that **Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' **Ex Parte Motion to Dismiss Jeff Landry (Doc. 12)** is **GRANTED**.

**IT IS FURTHER ODERED** that Plaintiffs' claims against Defendant Jeff Landry are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 13th day of July, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**