UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LLOYD PLUMBAR, ET AL.                                                CIVIL ACTION

VERSUS

JEFF LANDRY, ET AL.                                                  NO. 20-00361-BAJ-RLB

RULING AND ORDER

Before the Court is Defendant Jason Ard's **Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 19)**. The Motion is opposed. *See* (Doc. 20-1). Defendant filed a Reply. *See* (Doc. 21). For the reasons stated herein, the Motion is **DENIED.**

I.   BACKGROUND

Cockfighting has been prohibited in Louisiana since 2008. *See* La. Stat. Ann. § 14:102.23. On April 29, 2020 Plaintiff Lloyd Plumbar was charged with several misdemeanor criminal charges for cockfighting. (Doc. 1, ¶ 15). Plumbar is the Pastor of Plaintiff Holy Fight Ministries, a church whose congregation "hold[s] the sincere religious belief. . . that cockfighting is an integral and essential part of their religious faith." *Id.* at ¶ 13.

On June 12, 2020 Plaintiffs filed suit against Scott Perrilloux in his official capacity as District Attorney of Louisiana's 21st Judicial District, and Jason Ard in his official capacity as Sherriff of Livingston Parish[1], alleging violations of the Free Exercise and Establishment Clauses of the First Amendment of the United States

---

[1] Plaintiffs also filed suit against Jeff Landry, in his official capacity as Attorney General of Louisiana. Plaintiff's claims against Defendant Landry have since been dismissed. (Doc. 18).

1

Constitution, as well as a violation of the Free Exercise Clause of the Louisiana Constitution. (Doc. 1, p. 4–8). Plaintiffs' Complaint requested four specific categories of relief: a temporary restraining order prohibiting enforcement of La. Stat. Ann. § 14:102.23 against Plaintiffs; a permanent injunction prohibiting enforcement of La. Stat. Ann. § 14:102.23 against Plaintiffs; compensatory, nominal, punitive, and other damages, and; attorney's and expert witness fees. (Doc. 1, p. 8).

On June 25, 2020, the Court held a hearing on Plaintiffs' request for a temporary restraining order. (Doc. 14). The motion was subsequently denied. *See* (Doc. 18). Subsequently, Defendant Jason Ard filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiffs have failed to state a cause of action against him under federal or state law.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

2

that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

### III. ANALYSIS

In their Opposition to the Motion Plaintiffs concede that their request for preliminary injunction is now moot. (Doc. 20-1, p. 3). Plaintiffs also failed to address any arguments related to their Establishment Clause claim. Thus, these claims are abandoned. *See Robertson v. Gautreaux*, No. CV 16-341-JJB-RLB, 2017 WL 690542, at *6 (M.D. La. Feb. 21, 2017), *aff'd in part*, 731 F. App'x 337 (5th Cir. 2018) (holding that a failure to address a defendant's arguments for dismissal as abandonment). Plaintiffs' sole remaining claim is that Louisiana Revised Statutes section 14:102.23 violates their free exercise rights under the First Amendment and the Louisiana Constitution.[2] (Doc. 1, p. 6).

The Free Exercise Clause of the Louisiana State Constitution and the Free Exercise Clause of the United States Constitution, as applied to the states through

---

[2] Plaintiffs have arguably waived this claim by asserting that the arrest at issue evidenced secular cockfighting and was therefore "an isolated incident and not the way Plaintiffs normally conduct their worship services." (Doc. 20-1, p. 4). However, because this was not argued in Plaintiffs' original complaint, the Court will analyze Plaintiffs' Free Exercise Claim as pleaded.

3

the Fourteenth Amendment, are nearly identical. As such, an analysis of Plaintiffs' state and federal free exercise claims can proceed under the same analytical framework.[3] The protections of the Free Exercise Clause under the United States Constitution arise if "the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993).

In analyzing a Free Exercise Clause claim, "a law that is neutral and of general applicability need not be justified by a compelling governmental interest" even if the application of that law happens to present a burden on a particular religious practice. *Id.* The concepts of neutrality and general applicability are intertwined such that a law that fails to satisfy the neutrality requirement will likely fail to satisfy the requirement of general applicability, and vice versa. *Id.* at 531–32. A law burdening religious practice that is not neutral or not of general application must undergo strict scrutiny analysis. *Id.* at 546.

Plaintiffs have not put forth any evidence that the law is not neutral or generally applicable. Louisiana Revised Statutes section 14:102.23 provides, in pertinent part, that:

> "[i]t shall be unlawful for any person to: [o]rganize or conduct any commercial or private cockfight wherein there is a display of combat or fighting among one or more domestic or feral chickens and in which it is

---

[3] *See* Cunningham v. City of Shreveport, 407 F.Supp.3d 595, 610 (W.D. La. Aug. 22, 2019); *See also* Seegers v. Parker, 241 So. 2d 213, 216–17 (1970) ("The great similarity of the establishment clause of our Constitution and that of the United States Constitution allows us to use the United States Supreme Court interpretations of the federal clause as an aid for interpreting our own.").

4

intended or reasonably foreseeable that the chickens would be injured, maimed, mutilated, or killed."

La. Rev. Stat. § 14:102.23(A)(1) (2019).

The text of the law indicates that the law's purpose is to prevent animal cruelty, as it only bans cockfighting where it is foreseeable that a chicken may be injured. Louisiana is not alone in enacting such a provision. Indeed, Louisiana was the last of the fifty states to outlaw cockfighting. *See United States v. Olney*, No. 1:13-CR-2094-TOR-19, 2016 WL 660886, at *2 (E.D. Wash. Feb. 18, 2016), *aff'd*, 693 F. App'x 652 (9th Cir. 2017). Further, the prohibition of acts of cruelty towards animals "has a long history in American law, starting with the early settlement of the Colonies." *United States of America v. Stevens*, 559 U.S. 460, 469 (2010).

It is true that facial neutrality is not necessarily determinative. *Church of the Lukumi Babalu Aye*, 508 U.S. at 534. However, Plaintiffs cite to nothing that indicates that Louisiana's prohibition on cockfighting was drafted with the intent to discriminate against religious conduct. Plaintiffs merely argue that the cockfighting ban burdens their religious freedoms. (Doc. 20-1, p. 4). However, a religious belief—no matter how sincerely held—does not act as an absolute shield against generally applicable laws. *See, e.g. Reynolds v. United States*, 98 U.S. 145 (1879); *Braunfeld v. Brown*, 366 U.S. 599 (1961) (plurality opinion) ("[T]he freedom to act, even when the action is in accord with one's religious convictions, is not totally free from legislative restrictions.").

Because Plaintiffs have failed to establish that the statute is not neutral and not of general applicability, they have failed to state a claim upon which relief can be

granted.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's claims against Defendant, Jason Ard in his official capacity as Sherriff of Livingston Parish are **DISMISSED WITH PREJUDICE.**

Baton Rouge, Louisiana, this  3rd  day of March, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**